## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MICHAEL NICHOLSON,**

      **Plaintiff,**

**v.**                                      **Case No: 8:13-cv-3218-T-36TGW**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

_____/

## ORDER

This cause comes before the Court on Plaintiff Michael Nicholson's ("Nicholson") Complaint for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for benefits. Doc. 1. Magistrate Judge Thomas G. Wilson submitted a Report and Recommendation ("R&R"), recommending that the Court affirm the Commissioner's decision. Doc. 23. Nicholson filed an Objection to the R & R (Doc. 24), to which the Commissioner responded (Doc. 25). After an independent *de novo* review of the record, including Nicholson's Objections to the Magistrate Judge's Report and Recommendation ("Objections") (Doc. 24) and Defendant's Response (Doc. 25), the Report and Recommendation will be adopted, confirmed, and approved in all respects, and the decision of the Commissioner will be affirmed.

**I.    BACKGROUND**

On September 13, 2010, Nicholson filed an application for supplemental security income, which was denied initially and upon reconsideration. R. 68-69, 140. On July 11, 2012, Nicholson testified at a hearing before an Administrative Law Judge ("ALJ"). R. 36-67. On August 2, 2012,

the ALJ issued a written decision finding that Nicholson suffered from the severe impairments of deep vein thrombosis, bipolar disorder, mood disorder, borderline intellectual functioning, a history of drug and/or alcohol abuse, a history of oppositional defiant disorder, and attention deficit hyperactivity disorder as a child.  R. 25.  The ALJ found that Nicholson had the residual functional capacity to perform work at a medium exertional level, with the following mental and environmental limitations:

> [Nicholson] is limited to understanding and carrying out simple, routine, repetitive instructions and procedures; he is able to adjust only to simple changes and make basic decisions; he should avoid interaction with the public or large crowds; and he should avoid handling dangerous chemicals.

R. 27.  Based on the testimony of a vocational expert, the ALJ determined that Nicholson could perform other jobs in the national economy, including the representative occupations of packager, dishwasher, and janitor.  R. 30.  Accordingly, the ALJ concluded that Nicholson was not disabled. *Id.*  On November 19, 2013, the Appeals Council denied Nicholson's request for review, after receiving additional evidence.  R. 1.

On December 23, 2013, Nicholson filed the instant action for review of the Commissioner's decision.  Doc. 1.  In his initial brief, Nicholson argued that the ALJ erred in assessing his mental residual functional capacity, and that the Appeals Council improperly denied his request for review after receiving new evidence.  Doc. 19.  After consideration of the parties' briefs and the administrative record, the Magistrate Judge recommended that the Court affirm the decision of the Commissioner.  R&R at 18.

## II.   LEGAL STANDARDS

### A.   Review of a Report and Recommendation

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate

2

judge. The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id*.

### B.     Review of the Commissioner's Decision

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and is based upon proper legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. (internal quotation marks omitted). Where the Commissioner's decision is supported by substantial evidence, the Court must affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. 42 U.S.C. § 405(g); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) ("If the Commissioner's decision is supported by substantial evidence, we must affirm, even if the proof preponderates against it."). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its own] judgment for that of the [Commissioner]." *Phillips*, 357 F.3d at 1240 n.8 (internal quotation marks omitted).

### C.     An ALJ's Five-Step Disability Analysis

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 416.920(a)(4). The Eleventh Circuit has explained this process as follows:

3

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136-37 (11th Cir. 2009). If it is determined at any step in the analysis that the claimant is disabled or not disabled, the evaluation does not proceed. *See* 20 C.F.R. § 416.920(a)(4).

**III.    DISCUSSION**

**A.    The ALJ did not err in assessing Nicholson's mental residual functional capacity.**

In his first issue on appeal, Nicholson argued that the ALJ erred in assessing his mental residual functional capacity by: (1) failing to include all of the functional limitations proposed by providers whose opinions the ALJ credited; (2) failing to include functional limitations supported by the testimony of Nicholson's caregiver, Shannon Horn; and (3) failing to consider Nicholson's school records pursuant to Social Security Ruling 11-2p. The Magistrate Judge rejected these arguments. In the Objections, Nicholson specifically contests each of the Magistrate Judge's proposed findings and recommendations, largely reasserting arguments raised in the initial brief.[1]

---

[1] To the extent that Nicholson objects to the Report and Recommendation because the Magistrate Judge denied Nicholson's motion for leave to file a reply brief (Doc. 24 at 1-2 & n.1), that objection is overruled. The Objections advance detailed argument on the issues that Nicholson sought to address through a reply brief, rendering this request moot.

1.       **Opinions of Dr. Trimmer and Dr. Van Ingen**

In assessing Nicholson's mental residual functional capacity, the ALJ gave substantial weight to the opinions of two consultative psychologists, Melissa Trimmer, Psy.D. and Daniel Van Ingen, Psy.D.  R. 29.  Dr. Trimmer opined that Nicholson: (1) appeared capable of performing simple instructions, directions, and tasks; (2) had a fair ability to attend to a routine, to maintain a schedule, and to learn new tasks; (3) appeared to use poor judgment when making decisions; (4) appeared to have a fair-to-limited ability to relate and interact appropriately with others; and (5) appeared to have difficulty dealing with stress.  R. 456-57.  Dr. Van Ingen issued a substantially similar opinion.  R. 477.[2]  In his initial brief, Nicholson argued that, despite giving these opinions "substantial" weight, the ALJ failed to include each of the proposed limitations in the residual functional capacity assessment.

As the Magistrate Judge explained, the Commissioner is responsible for determining a claimant's residual functional capacity and may reject limitations that are not supported by the record.  20 C.F.R. §§ 416.946(c), 416.927(d)(2); *Crawford*, 363 F.3d at 1161; *Sullivan v. Comm'r of Soc. Sec.*, 353 F. App'x 394, 397 (11th Cir. 2009).  Moreover, in this case, the ALJ did account for each of the limitations proposed by Dr. Trimmer and Dr. Van Ingen.  In particular, the ALJ limited Nicholson to work involving only simple, routine, repetitive instructions and procedures, requiring only simple changes and basic decisions, avoiding interaction with the public and large crowds, and avoiding dangerous chemicals.  R. 27.  Those limitations adequately encompassed Nicholson's difficulty dealing with stress and his low processing speed, his limited decision-

---

[2]  Dr. Trimmer and Dr. Van Ingen did not opine, as Nicholson suggests in the initial brief (Doc. 19 at 16) and Objections (Doc. 24 at 5), to more specific limitations regarding Nicholson's ability to respond appropriately to supervision, coworkers, or usual work situations, or to deal with changes in a routine work setting.

5

making ability, and his limited ability to interact with others. The limitations were also consistent with Nicholson's own testimony that he becomes nervous around big groups of people but gets along with family members, and that he is able to take care of a three-year-old child during the day. *See* R. 27.

In the Objections, Nicholson argues that the ALJ's "failure to provide sufficient reasoning" entitles him to a *de novo* review of the residual functional capacity assessment. Doc. 24 at 7. Nicholson also recites the well-established principle that an ALJ is required to explain the weight given to different medical opinions. *Id*. at 3-4 (citing *Sharfarz v Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). The Court finds that the ALJ adequately articulated the weight given to Dr. Trimmer's and Dr. Van Ingen's opinions. *See* R. 29. Nicholson does not otherwise explain in what respect the ALJ's reasoning was deficient. Assuming that this argument has not been waived, the Court's independent review of the decision indicates that the ALJ provided "sufficient reasoning for determining that the proper legal analysis has been conducted." *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

      **2.**     **Testimony of Shannon Horn**

In his initial brief, Nicholson also argued that the ALJ was required to consider the testimony of his caregiver, Shannon Horn, in assessing his mental residual functional capacity. Nicholson maintains that, based on this testimony, the ALJ should have limited him to work requiring constant redirection and supervision. The Magistrate Judge found that Nicholson forfeited this argument by failing to separately designate it as an issue on appeal, as required by the Scheduling Order (Doc. 10). R&R at 12. In the Objections, Nicholson does not contest his failure to separately designate the issue, but he maintains that it is directly relevant to the other issues on appeal. Doc. 24 at 7.

Even if the issue was not forfeited, Nicholson's argument is unavailing. The ALJ included an overview of Horn's testimony in the decision, demonstrating that he considered the evidence. R. 27. Horn's testimony was largely consistent with Nicholson's testimony, which the ALJ found only partially credible. *See* R. 27-28. Under these circumstances, the ALJ's specific and explicit credibility determination as to Nicholson's testimony adequately implied a rejection of Horn's testimony. *Carter v. Astrue*, 228 F. App'x. 967, 969 (11th Cir. 2007); *Osborn v. Barnhart*, 194 F. App'x 654, 666 (11th Cir. 2006). And having rejected Horn's testimony, the ALJ was not bound to include additional functional limitations based on the testimony. *Crawford*, 363 F.3d at 1161.

    **3.**    **Social Security Ruling 11-2p**

Nicholson further argued in his initial brief that the ALJ failed to address his school records, dating from 1998 to 2002, which he maintains confirm his difficulties with attention and communication. Nicholson contends that the ALJ was required to consider those records pursuant to Social Security Ruling 11-2p, which sets forth guidelines for evaluating disability in young adults, defined as "people between the ages of 18 to approximately 25." SSR 11-2p, 2011 WL 4055665 at * 2 (Sept. 12, 2011). In relevant part, the Ruling provides that a claimant's school records "may indicate how well a young adult can use his or her physical or mental abilities to perform work activities." *Id*. at *7.

The Magistrate Judge found that Nicholson forfeited this issue by failing to develop legal argument, in violation of the Scheduling Order. R&R at 12-13. Alternatively, the Magistrate Judge found that Nicholson's argument was baseless because Nicholson was 26 years old when he filed his application, and he was 28 years old when the ALJ issued the decision. R&R at 13. In the Objections, Nicholson asserts that he did not forfeit the argument. Doc. 24 at 8. Nicholson

also argues that he turned 26 only one month before filing his application, and that he was therefore "approximately 25" within the meaning of the Ruling. *Id*. at 9.

Assuming that Nicholson did not forfeit this issue, the Magistrate Judge properly found that Ruling 11-2p did not require the ALJ to expressly consider Nicholson's school records. Even if Nicholson could be considered "approximately 25" at the time he filed his application, he was well beyond that age for the remainder of the relevant period. The ALJ was not otherwise required to discuss the school records, as "[t]here is no rigid requirement that the ALJ specifically refer to every piece of evidence." *Carter*, 228 F. App'x. at 969 (internal quotation marks omitted).

> B. **The Appeals Council did not err by failing to remand the case to the ALJ for consideration of new evidence.**

While Nicholson's appeal was pending before the Appeals Council, his attorney submitted new evidence, including a January 2013 neuropsychological evaluation completed by Jane Zarzecki, Ph.D. R. 5, 569-84. Pursuant to a referral from Nicholson's vocational rehabilitation counselor, Dr. Zarzecki reviewed Nicholson's medical and educational records and administered a battery of tests. *Id*. Dr. Zarzecki concluded:

> Mr. Nicholson currently meets the criteria for social security disability. The examiner notes that this is not a recent development, and that this individual has been disabled since at least the age of five, if not since his prenatal exposure to cocaine, and the system has somehow failed to identify his disability more clearly.

R. 582. In denying review, the Appeals Council stated that it had considered the additional information and found no reason to review the ALJ's decision. R. 1.

In his initial brief, Nicholson argued that the Appeals Council failed to demonstrate that it gave meaningful consideration to Dr. Zarzecki's evaluation, which, by itself, warranted remand. Nicholson also argued that the Appeals Council erred in denying review because Dr. Zarzecki's evaluation would have changed the ALJ's decision. The Magistrate Judge found that the Appeals Council's explanation for denying review was sufficient, and that the Appeals Council did not err

8

in failing to remand the case. R&R at 13-18. In the Objections, Nicholson largely restates the arguments raised in his initial brief. Doc. 24 at 10-13.

A claimant may present new evidence at each stage of the administrative process, subject to limited exceptions. *Ingram*, 496 F.3d at 1261. "The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id.* (internal quotation marks omitted); 20 C.F.R. 416.1470(b). "[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262; *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 785 (11th Cir. 2014).

In this case, Dr. Zarzecki's report did not render the ALJ's decision erroneous. Dr. Zarzecki was a one-time examining source, who evaluated Nicholson after the relevant period. Dr. Zarzecki's evaluation and opinion did not undermine the substantial evidence supporting the ALJ's decision, including the evaluations and opinions of Dr. Trimmer and Dr. Van Ingen, discussed above. *Mitchell*, 771 F.3d at 785 (explaining that the additional evidence did not "undermine[] the substantial evidence supporting the ALJ's decision"). Indeed, in contrast to Dr. Zarzecki's evaluation, Dr. Van Ingen's evaluation was performed during the relevant period. R. 475. The opinions of Dr. Trimmer and Dr. Van Ingen were also consistent with the December 2010 opinion of Keith Bauer, Ph.D., a State agency psychological consultant, whose opinion the ALJ afforded significant weight. R. 29, 494-97.

Finally, the Magistrate Judge properly determined that, under these circumstances, the Appeals Council was not required to explain its reasons for denying review. As the Eleventh Circuit recently held, the Appeals Council is not required to provide a detailed explanation for

denying review, absent an "affirmative indication" that the Appeals Council perfunctorily adhered to the ALJ's decision. *Mitchell*, 771 F.3d at 783-84 (explaining that such an "affirmative indication" could occur where new evidence demonstrates the existence of an entirely new impairment). In this case, as in *Mitchell*, there is no such affirmative indication, and the Appeals Council was not required to provide a more detailed rationale for denying review. *Id*. at 784.

## IV.  CONCLUSION

After careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. Petitioner Michael Nicholson's Objections are **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 23) is **adopted, confirmed, and approved** in all respects and is made a part of this Order for all purposes, including appellate review.

3. The decision of the Commissioner of Social Security is **AFFIRMED**.

4. The Clerk is directed to terminate all pending motions and deadlines, enter judgment accordingly, and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on March 16, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
United States Magistrate Judge Thomas G. Wilson